UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-353-FDW
(3:17-cr-134-FDW-SCR-15)

| | |
|---|---|
| MARQUEL MICHAEL CUNNINGHAM, )<br>)<br>Petitioner, )<br>) **ORDER**<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | |

**THIS MATTER** comes before the Court on pro se Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody that alternatively seeks a writ of error coram nobis [Doc. 1]. For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

## I.  BACKGROUND

The Petitioner pleaded guilty to a single count of conspiracy to participate in racketeering activity in violation of 18 U.S.C. §§ 1962(d) and 1963(a). [3:17-cr-134 ("CR") Doc. 2108]. The Court sentenced him to 180 months' imprisonment followed by three years of supervised release. [CR Doc. 2827]. The Fourth Circuit Court of Appeals affirmed on direct appeal. United States v. Cunningham, 839 F. App'x 820 (4th Cir. 2021).

Petitioner filed a § 2255 Motion to Vacate in 2022 in which he argued that he received ineffective assistance of counsel and that his conviction is invalid, Case No. 3:22-cv-88-FDW. The Court dismissed and denied the Motion to Vacate on June 10, 2022. Cunningham v. United States, 2022 WL 2111977 (W.D.N.C. June 10, 2022).

On August 5, 2022, the Petitioner filed the instant Letter in which he is "asking the Court to vacate [his] sentence" and grant him "coram nobis." The Court construes the Letter as a § 2255 Motion to Vacate. [Doc. 1; see CR Doc. 3470 (Order instructing the Clerk to open the Letter as a Motion to Vacate in a new civil case)]. The Petitioner argues that he should be granted a motion to vacate and/or a writ of error coram nobis because his lawyer "pushed" him to take a plea without having seen discovery pursuant to Brady, and because the Petitioner "lacked understanding" of the charged offense or of his guilty plea.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See 28 U.S.C. § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

A coram nobis petition is "of the same general character as one under 28 U.S.C. § 2255," but is available to petitioners who are no longer "in custody" and thus cannot seek relief under § 2255 or § 2241. United States v. Morgan, 346 U.S. 502, 506 n.4 (1954); see generally 28 U.S.C. § 1651 (All Writs Act). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 … is a motion under § 2255, no matter what title the prisoner plasters on the cover." United States v. Barnette, 2010 WL 4315243 (W.D.N.C. Oct. 25, 2010) (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)). Further, a petitioner cannot proceed under § 1651 "simply because his claim is procedurally barred by restricts on successive collateral attacks. United States v. Wilson, 753 F. App'x 173, 173-74 (4th Cir. 2019); see United States v. Gamboa, 608 F.3d 492, 495 (9th Cir. 2010) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

The instant petition is a Motion to Vacate because the Petitioner seeks to challenge his guilty plea, conviction, and sentence. He has previously filed a Motion to Vacate that was dismissed and denied. Petitioner has now filed the instant Motion to Vacate without first obtaining authorization to do so from the Fourth Circuit. The Petitioner's request for coram nobis relief is unavailing, as the relief he seeks is in the nature of a Motion to Vacate and he may not avoid the successiveness bar by attempting to recharacterize his request as a coram nobis petition. See Wilson, 753 F. App'x at 173-74. Accordingly, the instant petition will be dismissed as an unauthorized second or successive § 2255 Motion to Vacate over which the Court lacks jurisdiction.

IV. **CONCLUSION**

For the reasons stated herein, the instant § 2255 Motion to Vacate, that alternatively seeks a writ of error coram nobis, is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody that alternatively seeks a writ of error coram nobis [Doc. 1] is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: June 14, 2023

Frank D. Whitney
United States District Judge